TELESFORO MÉNDEZ CORTÉS, ETC., Appellant, v. REGISTRAR OF PROPERTY OF AGUADILLA, Respondent.

No. 1229. Submitted February 13, 1948.—Decided March 4, 1948.

*José Veray, Jr.,* for appellant. The registrar appeared by brief.

---

Mr. Justice Snyder delivered the opinion of the Court.

In an *ex parte* proceeding the district court granted the petition of the tutor of Eusebio Galarza Nieves, an incapacitated person, and ordered the sale at public auction of two farms as the property of Galarza at prices not less than $400 and $170, respectively. Pursuant to this order, the farms were sold at public auction for the prices mentioned to Francisco Acevedo Badillo. In the deed of sale executed by the Marshal, María Lorenzo appeared, making it known that she was the wife of Galarza, that the two farms were community property, that she ratified and consented to the sale of both farms to Acevedo, and that she agreed to take opportunely and as soon as the district court so decided, the proportional share to which she was entitled of the sale price of the farms.

The Registrar refused to record the deed of sale on the grounds (1) that the farm was ordered sold as the exclusive property of Galarza, whereas it was recorded as community belonging to him and María Lorenzo, and (2) that a judicial order cannot be amended by a deed.

██ The petitioner argues that despite the order, the ratification of the sale in the deed by María Lorenzo makes the sale valid. He relies on *García* v. *Registrar,* 66 P.R.R. 645, and *Rivera* v. *Registrar,* 65 P.R.R. 279.

In the *García* case a wife appeared in the district court in her own right and on behalf of her husband, who was incompetent, and alleged that her husband was the owner as community property of a farm, and asked on behalf of both of them that the farm be sold at public auction. This was done pursuant to order of court, the Marshal signing the deed on behalf of both husband and wife. The Registrar recorded the deed with the curable defect that the wife had not appeared in the deed ratifying the sale as to her half of the conjugal property. We reversed on the ground that as the wife had previously given her consent and authorization,

it was not necessary for her to appear again to ratify an act which took place at her instance and with her prior consent and express authorization.

In the *Rivera* case a mother with *patria potestas* over her minor child sought judicial authorization to sell the child's portion of a piece of real estate belonging in common to the mother and the child. The *Fiscal* agreed that the conveyance be authorized on condition that the entire property be sold at public auction and the proceeds be deposited in court for disposition of the share belonging to the minor. The court ordered sale of the entire property, which took place. The deed was recorded with the curable defect that the mother had not consented that her half of the property be sold. We affirmed the decision of the Registrar on the ground that the request for authorization and the order were confined to the child's interest in the property. However, we stated that (p. 280) "There is no showing that the mother expressly consented to having her condominium publicly sold."

It is true that we said at p. 280 of the *Rivera* case that "the court lacked jurisdiction to order the sale of the mother's condominium publicly sold". And by the same token, there was no jurisdiction in the court in the instant case to sell the wife's share of the community property. But with her husband incapacitated, there was no barrier preventing the wife on her own initiative from joining as she did here in the deed so that she appeared selling her share and the Marshal appeared selling the incapacitated husband's share. The action of the Marshal was pursuant to the order of court; her action was pursuant to her own present desire, without reference to the order of court.

What we have said is also consistent with the *Garcia* case. There the appearance of the wife at the judicial proceeding was enough to warrant sale by the Marshal not only of the interest of her incapacitated husband, but also of her interest in the conjugal property. Here the court lacked jurisdiction

over her share because she did not appear in the judicial proceeding. But her joinder in the deed enabled the Marshal to carry out the order of the court as to the husband's interest in the property.

We are unable to see why, as the Registrar contends, the *Fiscal* might not have agreed to the sale or the court might have entered a different order, if the tutor, instead of stating in his petition that the property belonged exclusively to the incapacitated husband, had indicated that it was community property. At the most, if the facts had been correctly stated—that the property was community property—the court might have required the consent of the wife to sell both her interest and that of the husband in the property in order to obtain the best price therefor. But that was accomplished by the wife's appearance in the deed without the necessity of a court order.

Nor can we agree with the Registrar that the order was modified by the deed. The order was complied with: the Marshal sold the husband's property interest—although it was not exclusive—in the property. The wife's appearance in the deed was not in conflict with the order. Rather it served to carry out the purpose of the order.

The ruling of the Registrar will, be reversed and he will be ordered to record the deed free of defects.